IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTOINE TUCKER,

      Plaintiff,

   v.

NATIONWIDE CHILDREN'S
HOSPITAL, INC.,

      Defendant.

Civil Action 2:22-cv-4316

Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), (Docs. 8, 10), is before the Court on Plaintiff's failure to comply with the Court's orders.

Many months ago, this case was reported settled. But the case was not dismissed, so the Undersigned scheduled and held a status conference on December 5, 2023. (Docs. 13, 14). Plaintiff's counsel represented that she needed more time to try to communicate with her client, and another hearing was set for January 9, 2024. (Doc. 15). At that hearing, Plaintiff's counsel noted her intention to withdraw. She did so a few days later, noting that Plaintiff's noncommunication contributed to the irreparable erosion of the attorney-client relationship. (*See* Doc. 16). On January 17, 2024, the Court granted Plaintiff's counsel's motion to withdraw. (Docs. 16, 17).

The Court gave Plaintiff thirty days in which to retain new counsel or provide notice that he wished to proceed *pro se* in this matter. (Doc. 17). When that deadline passed without notice from Plaintiff, the Court ordered him to show cause by March 11, 2024, why the Court should not

dismiss the lawsuit for want of prosecution. (Doc. 18). Plaintiff again failed to comply. Giving Plaintiff one more chance to prosecute his case, the Court scheduled a telephone status conference with the parties on March 21, 2024. (Doc. 19). Plaintiff did not appear. In short, Plaintiff has not taken any of his three chances to notify the Court how he wishes to proceed in this matter. This case cannot continue languishing.

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Plaintiff had three chances to comply with this Court's order. (*See* Docs. 17, 18, 19). He initially was afforded thirty days to notify the Court whether he retained new counsel or wished to proceed *pro se* following the withdrawal of his counsel. (Doc. 17). He was then given an additional three weeks to comply with the Court's order or to show cause otherwise. (Doc. 18). The Court there warned Plaintiff that if he did not show cause, he risked dismissal of his case. (*Id.*). And he was given the chance to participate in a telephone conference with the Court that he failed to attend. (Doc. 19). What's more, the Court understands that Plaintiff's noncommunication in the months leading up to this issue was one factor that contributed to the irreparable erosion of the attorney-client relationship. (*See* Doc. 16).

In light of the foregoing, the Court concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. The Court, therefore, **DISMISSES** this action for want of prosecution.

IT IS SO ORDERED.

Date: March 21, 2024            /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE